HELIX ELECTRIC INC.,
Plaintiff–Appellant,

v.

DIVISION OF LABOR STANDARDS ENFORCEMENT, an agency of the State of California; Department of Industrial Relations, an agency of the State of California; Donna Dell, an individual in her capacity as Labor Commissioner of the State of California; John Rea, an individual in his capacity as Acting Director of the Department of Industrial Relations of the State of California; County of Sacramento; Public Works Compliance Program, Defendants–Appellees.

No. 06–15431.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 25, 2006.

Richard M. Freeman, Esq., Matthew S. McConnell, Sheppard Mullin Richter & Hampton, San Diego, CA, for Plaintiff–Appellant.

David M. Balter, California Department of Industrial Relations Division of Workers' Compensation, San Francisco, CA, Ray C. Thompson, Esq., Office of the County Counsel, Sacramento, CA, David A. Rosenfeld, Esq., Roberta Perkins, Caren P. Sencer, Esq., Weinberg Roger & Rosenfeld, Alameda, CA, for Defendants–Appellees.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER *, District Judge.

## MEMORANDUM **

Helix Electric, Inc. ("Helix") appeals from an order issued by the District Court for the Eastern District of California denying its motion for a preliminary injunction. Helix sought to enjoin appellees Division of Labor Standards Enforcement; Department of Industrial Relations; Donna Dall, California's Labor Commissioner; John Rea, California's acting director of the Department of Industrial Relations; and the County of Sacramento from releasing the home addresses of those Helix employees working on a project for the County of Sacramento to the Public Works Compliance Program ("PWCP"). Appellee PWCP had requested these records from the County of Sacramento pursuant to California Labor Code § 1776(e). We have jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm the district court's denial of the motion for a preliminary injunction.

Given the parties' familiarity with the facts, we do not fully recount them here. PWCP asserts that it is part of a joint labor-management committee ("LMC") established pursuant to 29 U.S.C. § 175a. California labor law grants any LMC the right to request payroll information and home addresses, but not the names, of workers at public work sites. CAL. LAB. CODE § 1776(e). If the LMC learns that an employer has failed to pay the prevailing wage to its employees, it may sue the employer to enforce the prevailing wage laws. CAL. LAB. CODE § 1771.2.

When Helix learned that the County of Sacramento—the awarding body in this case—planned to provide the payroll information and home addresses of employees working on the County of Sacramento project to PWCP, Helix moved for a preliminary injunction to prevent the release of that information. Helix maintained that: (1) PWCP was not a valid LMC; (2) the

---

* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

function of PWCP exceeds the permissible purposes of an LMC, as provided in 29 U.S.C. § 175; (3) California Labor Code § 1776(e) is preempted by federal labor law; and § 1776(e) violates the Fourteenth Amendment's Equal Protection Clause. In a series of alternative holdings, the district court rejected each of these arguments. Helix raises the first three of these objections on appeal.

The potential irreparable harm, Helix argued before the district court, was that PWCP would give the information to a union to further its union-organizing efforts. The district court rejected this argument as "wholly speculative." On appeal, Helix renews this objection and also argues, both as a separate cause of action and as a basis for irreparable harm, that, were the County of Sacramento to release the requested information, its employees' rights to privacy under the California constitution would be violated.

We review for abuse of discretion a district court's denial of a preliminary injunction. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 730 (9th Cir.1999). Helix is entitled to reversal of the district court's decision if the district court "based its decision on an erroneous legal standard or on clearly erroneous findings of fact." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F.3d 782, 793 (9th Cir.2005). On a preliminary injunction, the "district court's decision is based on an erroneous legal standard if: (1) the court did not employ the appropriate legal standards that govern the issuance of a preliminary injunction; or (2) in applying the appropriate standards, the court misapprehended the law with respect to the underlying issues in the litigation." *Walczak*, 198 F.3d at 730.

Consideration of the privacy issue, raised for the first time on appeal, would violate the "general rule" against reviewing arguments not first considered by the district court. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998). This rule has particular force in reviewing the denial of a preliminary injunction given the deference due the district court's determination in this context. *See Preminger v. Principi*, 422 F.3d 815, 820 (9th Cir.2005). None of the three established exceptions to this general rule apply here. *See Peterson*, 140 F.3d at 1321.

That both parties have sought to supplement the appellate record with documents that were not introduced before the district court supports our conclusion that the privacy issue is not properly before us, as the district court had no opportunity to consider it and the facts pertaining to it are not in the record. Also, there is a substantial question concerning whether Helix has standing to assert its employees' privacy interests, given the lack of alignment of interests between Helix and its employees with regard to the enforcement of prevailing wage laws. The district court has had no opportunity to consider the standing issue, which could turn on factual matters not in the record before us. Accordingly, the privacy issue will not be reviewed on appeal.[1]

The record before us shows that the district court did not rely on an erroneous legal premise or abuse its discretion in concluding that Helix had failed to demonstrate a likelihood of success on the merits or the threat of imminent irreparable harm in denying preliminary injunctive relief. *See Gregorio T. v. Wilson*, 59 F.3d

---

1. We deny PWCP's motion to supplement the appellate record with a Declaration from Kevin Abram and three pages from a Sacramento Electrical Cooperation Industry Labor–Management Cooperation Trust Agreement as well as Helix's motion to supplement the record with a Declaration from Arthur Geller.

1002, 1004–05 (9th Cir.1995). The court's factual findings are not clearly erroneous. *See id.* at 1005. Accordingly, the district court's order denying the preliminary injunction is

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.